UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
___ DIVISION

Fill in this information to identify your case:

| Debtor 1 | **Mahmound Badi Hourani** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | **Khaoula  Hourani** | | |
| | First Name | Middle Name | Last Name |
| Case number: (If known) | 19-04262-5 | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
3.1 - Post-Petition Arrears Payment

# CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. *Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 The Debtor(s) shall make regular payments to the Trustee as follows:
$ __65.00__ per __Month__ for __37__ months

*(Insert additional line(s), if needed.)*

2.2 Additional payments. *(Check one.)*

| Debtor | Mahmound Badi Hourani  Khaoula Hourani | Case number | 19-04262-5 |
|---|---|---|---|

- [✓] **None.** *(If "None" is checked, the rest of this section need not be completed.)*
- [ ] The Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment. *(Insert additional rows, if needed.)*

2.3 The total amount of estimated payments to the Trustee is $ __2,405.00__ .

2.4 Adjustments to the Payment Schedule/Base Plan *(Check one).*

- [✓] None.
- [ ] **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

2.5 **Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is **36** months, and the projected disposable income of the Debtor(s), as referenced in 11 U.S.C. § 1325(b)(1)(B), is $ __0.00__ per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimates to be paid to holders of non-priority unsecured claims. In this case, this amount is $ __0.00__

### Part 3: Treatment of Secured Claims

3.1 **Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
  (a) payment of the underlying debt determined under nonbankruptcy law, or
  (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

3.2 **Maintenance of Payments and Cure of Default (if any)** *(Check one.)*
- [ ] None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
- [✓] The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any post-petition arrearage listed for a claim below will be paid in full directly by the Debtors. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
| PennyMac | 207 Stonecreek Drive Apex, NC 27539 Wake County BEING all of Lot 99, Sunset Hills Subdivision Phase 1, Section 1, as shown on the plat recorded in Book of Maps 1997, Page 1103 Wake County Registry. | $1,325.00  To be disbursed by:  [ ] Trustee  [✓] Debtor(s) | $0.00 | 0.00% |

*Insert additional claims as needed.*

- [✓] **Other.** *(Check all that apply, and explain.)* The Debtor(s):
  (a) [ ] do intend to seek a mortgage modification with respect to the following loan(s) listed above: _____
  (b) [✓] do not intend to seek mortgage modification with respect to the following loan(s) listed above;
  (c) [ ] intend to: ____

3.3 **Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

| Debtor | Mahmound Badi Hourani<br>Khaoula Hourani | Case number | 19-04262-5 |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Surrender of Collateral.** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*
☑ The Debtor(s) will surrender the collateral listed below that secures the creditor's claim. Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered collateral and any co-debtor stay of 11 U.S.C. § 1301 shall terminate in all respects. No claim for a deficiency remaining due after the disposition of surrendered collateral will be allowed or paid unless the creditor timely files a proof of claim and, within 180 days after confirmation of the plan, amends the claim as necessary to show the remaining unsecured deficiency after the disposition of the surrendered collateral. Absent such timely filing and amendment of a claim, or an order by the Court extending the 180-day filing deadline, the surrender of the collateral shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| Chase | Ford Taurus 198000 miles<br>Major Transmission Problems |

*Insert lines for additional creditors and collateral, as needed.*

## Part 4: Treatment of Fees and Priority Claims

4.1 **General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

4.2 **Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be __**6.50**__ % of amounts disbursed by the Trustee under the plan and are estimated to total $ __**156.51**__ .

4.3 **Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*

☑ Debtor(s)' attorney has agreed to accept as a base fee $ __**2,540.00**__ , of which $ __**2,540.00**__ was paid prior to filing. The Debtor(s)' attorney requests that the balance of $ __**0.00**__ be paid through the plan.

☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

4.4 **Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 **Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☑ Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim for: | Est. Claim Amt. |
|---|---|---|
| Internal Revenue Service | | $1,736.00 |
| North Carolina Dept. of Revenue | | $265.04 |
| Wake County Revenue Department | | $134.00 |

## Part 5: Unsecured Non-priority Claims

5.1 **General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a pro rata distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

| Debtor | Mahmound Badi Hourani<br>Khaoula Hourani | Case number | 19-04262-5 |
|---|---|---|---|

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

5.2 **Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
   ☑ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

6.1 **The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.** *(Check one.)*
   ☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

### Part 7: Miscellaneous Provisions

7.1 **Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
   Property of the estate will vest in the Debtor(s) upon:
   ☑ plan confirmation.
   ☐ discharge
   ☐ other: _____

7.2 **Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

7.3 **Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

7.4 **Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

### Part 8: Nonstandard Plan Provisions

8.1 **Check "None" or List Nonstandard Plan Provisions.**

   ☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures

9.1 **Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.

X  /s/ Mahmound Badi Hourani
   Mahmound Badi Hourani
   Signature of Debtor 1

X  /s/ Khaoula Hourani
   Khaoula Hourani
   Signature of Debtor 2

   Executed on   April 8, 2020

   Executed on   April 8, 2020

| Debtor | **Mahmound Badi Hourani** | Case number | **19-04262-5** |
|---|---|---|---|
|  | **Khaoula Hourani** |  |  |

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

X **/s/ Michael W. Hopper**                              Date **April 8, 2020**
  **Michael W. Hopper 38252**                                      MM/DD/YYYY
  Signature of Attorney for Debtor(s)

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>MAHMOUND BADI HOURANI<br>KHAOULA HOURANI<br><br>DEBTORS. | 19-04262-5-DMW<br>CHAPTER 13 |

### NOTICE OF RESCHEDULED CONFIRMATION HEARING

NOTICE IS HEREBY GIVEN that the Debtor's Confirmation Hearing has been rescheduled to May 7, 2020 at 10:30 AM in the US Bankruptcy Courthouse located at **300 Fayetteville Street Mall, Raleigh, NC 27604, 3rd Floor Courtroom (Telephonically).**

This the 15th day of April 2020.

By: /s/ Michael W. Hopper
Michael W. Hopper, PLLC
N.C. State Bar No. 38252
Attorney for Debtor
3434 Edward Mills Road, Ste. 112-391
Raleigh, North Carolina 27612
919.876.3300; 919.809-8853 (Facsimile)
Michael@hopper.law

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE:<br><br>MAHMOUND BADI HOURANI<br>KHAOULA HOURANI<br><br>DEBTORS. | 19-04262-5-DMW<br>CHAPTER 13 |
|---|---|

### CERTIFICATE OF SERVICE

I, Michael W. Hopper, of Michael W. Hopper, PLLC, do hereby certify, under penalty of perjury, that I am, and at all times hereinafter mentioned, was more than eighteen (18) years of age;

And that on the 15th day of April 2020, I served a copy of the foregoing Amended Schedules, Amended Plan, and Notice of Rescheduled Confirmation Hearing, on the following parties:

| VIA CM/ECF<br>John F. Logan<br>Chapter 13 Trustee<br>P.O. Box 61039<br>Raleigh, NC 27661 | VIA FIRST CLASS MAIL<br>Mahmound Badi Hourani<br>Khaoula Hournai<br>207 Stone Creek Drive<br>Apex, NC 27539 |
|---|---|

To the creditors listed on the attached Creditors Matrix.

I certify under penalty of perjury that the foregoing is correct.

This the 15th day of April 2020.

By: /s/ Michael W. Hopper
Michael W. Hopper
Michael W. Hopper, PLLC
N.C. State Bar No. 38252
Attorney for Debtor
3434 Edwards Mill Rd, Suite 112-391
Raleigh, North Carolina 27612
919.876.3300; 919.809.8853 (Facsimile)
Michael@hhm.legal

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0417-5<br>Case 19-04262-5-DMW<br>Eastern District of North Carolina<br>Raleigh<br>Wed Apr 15 11:33:49 EDT 2020 | U.S. Bankruptcy Court<br>300 Fayetteville Street, 4th Floor<br>P.O. Box 791<br>Raleigh, NC 27602-0791 | AFS<br>PO Box 65018<br>Baltimore, MD 21264-5018 |
| AMCOL Systems<br>PO Box<br>Columbia, SC 29210 | Ashley Funding Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | CSP Community Owner, LP dba Camden Reunion P<br>Robert J. Bernhardt<br>Bernhardt and Strawser, P.A.<br>5821 Fairview Rd. Ste. 100<br>Charlotte, NC 28209-3829 |
| Chase<br>PO Box 182055<br>Columbus, OH 43218-2055 | Creditors Collection Service<br>PO Box 1280<br>Oaks, PA 19456-1280 | Direct Loans<br>PO Box 9003<br>Niagara Falls, NY 14302-9003 |
| Doug McClanahan<br>3008 Anderson Drive<br>Suite 170<br>Raleigh, NC 27609-7787 | Doug McClanahan<br>McClanahan Law Firm, PLLC<br>3008 Anderson Drive<br>Raleigh, NC 27609-7744 | First Premier Bank<br>PO Box 5529<br>Sioux Falls, SD 57117-5529 |
| Helvey & Associates<br>1401 Kings Hwy<br>Winona Lake, IN 46590-1520 | Hunter Warfield<br>C/O Camden Reunion Park<br>4620 Woodland Corp. Blvd<br>Tampa, FL 33614-2415 | Internal Revenue Service<br>PO BOX 7346<br>Philadelphia, PA 19101-7346 |
| Julian S. Drew<br>5300 Six Forks Rd.<br>Raleigh, NC 27609-4465 | Lending USA<br>P.O. Box 206536<br>Dallas, TX 75390-0001 | MOHELA<br>633 Spirit Drive<br>Chesterfield, MO 63005-1243 |
| Nevada County California<br>PO Box 1280<br>Oaks, PA 19456-1280 | New School Inc.<br>5617 Sunset Lake<br>Holly Springs, NC 27540-4348 | North Carolina Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 |
| North Carolina Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27640-0001 | PennyMac<br>P.O Box 514887<br>Los Angeles, CA 90051-4387 | PennyMac Loan Services, LLC<br>PennyMac Loan Servicing, LLC<br>P.O. Box 2410<br>Moorpark, CA 93020-2410 |
| Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Radius Global Solution<br>7831 Glenroy Rd. Suite 250<br>Minneapolis, MN 55439-3117 | Raleigh Radiology<br>PO Box 12408<br>Roanoke, VA 24025-2408 |
| Robert J. Bernhardt<br>Bernhardt and Strawser, P.A.<br>5821 Fairview Rd. Ste. 100<br>Charlotte, NC 28209-3829 | State Farm<br>PO Box 44110<br>Jacksonville, FL 32231-4110 | UNC Health Care<br>PO Box 1123<br>Minneapolis, MN 55440-1123 |

| | | |
|---|---|---|
| UNC Healthcare<br>700 Eastowne<br>Roxboro, NC 27574 | UPMC Health Services<br>PO Box 1123<br>Minneapolis, MN 55440-1123 | UPMC Physician Services<br>PO Box 1123<br>Minneapolis, MN 55440-1123 |
| US Department of Education/MOHELA<br>633 Spirit Dr<br>Chesterfield, MO 63005-1243 | Wake County EMS<br>PO Box 603428<br>Charlotte, NC 28260-3428 | Wake County Human Services<br>PO Box 14169<br>Raleigh, NC 27620-4169 |
| Wake County Revenue Department<br>P.O. Box 2331<br>Raleigh, NC 27602-2331 | Wake Emergency<br>PO Box 890053<br>Charlotte, NC 28289-0053 | Wake Emergency Physicians<br>8 Oak Park Drive<br>Bedford, MA 01730-1414 |
| Wake Medical<br>PO Box 2090<br>Morrisville, NC 27560-2090 | Wake Medical<br>PO Box 29516<br>Raleigh, NC 27626-0516 | Wake Radiology<br>PO Box 603435<br>Charlotte, NC 28260-3435 |
| WakeMed Health and Hospitals<br>3000 New Bern Ave<br>Raleigh, NC 27610-1231 | WakeMed Physician Practices<br>3000 New Bern Ave<br>Raleigh, NC 27610-1231 | ~~John F. Logan~~<br>~~Office Of The Chapter 13 Trustee~~<br>~~PO Box 61039~~<br>~~Raleigh, NC 27661-1039~~ |
| ~~Khaoula Hourani~~<br>~~207 Stonecreek Drive~~<br>~~Apex, NC 27539-5392~~ | ~~Mahmound Badi Hourani~~<br>~~207 Stonecreek Drive~~<br>~~Apex, NC 27539-5392~~ | ~~Michael W. Hopper~~<br>~~Michael W. Hopper, PLLC~~<br>~~3434 Edwards Mill Rd~~<br>~~Suite 112-391~~<br>~~Raleigh, NC 27612-4275~~ |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Collins Asset Group, LLC | (u)PennyMac Loan Services, LLC | End of Label Matrix<br>Mailable recipients    47<br>Bypassed recipients     2<br>Total                   49 |